LoriNG-, J.,
dissenting:
The statutes cited give the United States no lien on the assets of an insolvent estate, but only a priority of payment, and they confine that to the assets- uin the hands of” the assignees, and make them personally liable for the debt to the United States. The statutes, therefore, cannot be used to prevent the assets from coming “ to the hands ” of the assignees.
Then the Act of March 3d, 1863, reconstructing this court, extends its jurisdiction in u set-off” by adding others to the kinds of claim that may be used in u set-off” at the common law. But it does not alter or relax the rule at law and in equity that the claim must be in the same right, for in express terms it confines the claims that the United States may set-off, to claims u on the part of the C-overnment against any person making claim against the Government in said court and Bussell, Majors & Waddell are not the claimants in this case either in form or substance, and the property sold and for which this claim is brought did not belong to them when sold) and they could *348 maintain no action for its price, either in law or equity. And the evidence shows that the assignees were in possession of the property when they sold it, and therefore they may sue for and recover its price, on their title by possession, without proof of their title as assignees, exactly as an executor may, for goods sold by him when in his possession, sue for and recover the price on his title by possession without proof of his title as executor.
For these reasons I think the claimants are entitled to judgment.
Peck, J., did not sit in this case and took no part in the decision.